IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT WINFREY-BEY, #N03515, <br><br>  Plaintiff, <br><br> v. <br><br> AMY BURLE, *et al.,* <br><br> Defendants. | Case No. 21-cv-00889-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Plaintiff Albert Winfrey-Bey, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. On August 5, 2021, he commenced this suit by filing a Complaint that was over 250 hundred pages. (Doc. 1). While many of his exhibits contained his signature, the Complaint itself did not. Thus, the Court directed the Clerk of Court to return a copy of the Complaint to Winfrey-Bey. He was directed to file a properly signed Complaint by September 6, 2021. (Doc. 5) (citing FED. R. CIV. P. 11). On August 23, 2021, the Court received documents from Winfrey-Bey that were filed as an Amended Complaint (Doc. 8), motion to enter evidence (Doc. 9), and motion to supply court with legible authorization for payment receipts (Doc. 10).

A few days later, he filed a motion to correct and clarify the record (Doc. 11). In this motion, he states that the document filed as "Amended Complaint" contains only the pages from the original Complaint that were previously unsigned. He intended for the Court to add these pages to the original Complaint. Winfrey-Bey also contends that he has paid his full filing fee of $350.00 and asks the Court to confirm that the filing fee has been paid in full.

On September 1, 2021, Winfrey-Bey filed another motion of clarification. (Doc. 12). He again clarifies that he was not omitting any portion of the original Complaint but was submitting unsigned pages to be added to the Complaint.

On October 4, 2021, Winfrey-Bey filed a motion for temporary restraining order and preliminary injunction regarding various constitutional violations he is currently experiencing at Graham Correctional Center that range from denial of a medically prescribed diet to violations of his right to freely exercise his religion. (Doc. 13).

First and foremost, there is still no operative complaint before the Court. Rather than submit a properly signed complaint, Winfrey-Bey has attempted to supplement the Complaint with signed pages and additional exhibits. (Doc. 8, 9, 10). A complaint is a single document that must be signed and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8 and 11. Exhibits are not required under the Federal Rules of Civil Procedure, but a plaintiff may submit exhibits with a complaint if he so chooses. In order to make any modification, change, or additions to a complaint, a plaintiff must file an amended complaint. An "amended complaint supersedes an original complaint and renders the original void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Thus, an amended complaint must stand on its own, without reference to any previous pleading. In order to avoid confusion regarding claims and defendants that can result from successive filings, the Court does not accept piecemeal amendments or modifications to a complaint. For these reasons, the signed supplemental pages Winfrey-Bey submitted and filed by the Clerk of Court as "Amended Complaint" is not a valid complaint. Additionally, Winfrey-Bey will not be able to simply "add" exhibits, and the additional motions to supplement the Complaint are denied. (Docs. 9, 10). Because neither Doc. 1 the "Complaint," nor Doc. 8 the "Amended Complaint," can act as a valid complaint, they will be stricken from the docket for clarity. *See* FED. R. CIV. P. 11(a) ("the court

must strike an unsigned paper").

On or before **November 5, 2021**, Winfrey-Bey must file a complaint that is signed[1] and complete, meaning that it must contain *all* claims against *all* defendants. Winfrey-Bey must also file with the signed complaint any exhibits he wishes the Court to consider.

Without an underlying complaint, the Court is unable to consider Winfrey-Bey's motion for temporary restraining order and preliminary injunction. *See* FED. R. CIV. P. 3. Thus, the motion is denied without prejudice. (Doc. 13). He may renew his request by filing a new motion on or after the date he files a signed complaint.

Finally, as to the filing fee. Winfrey-Bey has paid $350.00 toward the $402.00 filing fee for this case.[2] By **November 5, 2021**, he must submit the remaining $52.00 of the $402.00 filing fee or a motion to proceed without prepayment of the filing fee. If Winfrey-Bey files a motion to proceed without prepayment of the filing fee, the Court must review his trust fund account statement for the six-month period immediately preceding the filing of this action. Thus, he must have the Trust Fund Officer at his facility complete the certification and provide a copy of his trust fund account statement (or institutional equivalent). If Winfrey-Bey fails to pay the filing fee or submit the motion to proceed without prepayment of the filing fee by the deadline, the case will be dismissed without prejudice for failure to prosecute. FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

## DISPOSITION

For the reasons stated above, Doc. 1, the Complaint, and Doc. 8, the Amended Complaint, are **STRICKEN** from the docket. Winfrey-Bey is **ORDERED** to file a signed complaint by

---

[1] By "signed" the Court does not require Winfrey-Bey to sign every page of the complaint. Rule 11 can be satisfied by including a signature page that contains his signature, date, and address. The Clerk of Court will be directed to send Winfrey-Bey a civil complaint form, which includes a signature page, to help him comply with this requirement.
[2] Effective December 1, 2020, the filing fee for a civil case was increased to $402.00. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

**November 5, 2021**. The complaint must stand on its own without any reference to any other pleading and include all claims against all defendants. Winfrey-Bey is **WARNED** that he may not simply file a supplement or add pages to the original complaint filed on August 5, 2021. To enable Winfrey-Bey to comply with this Order, the Clerk is **DIRECTED** to send to Winfrey-Bey the civil rights complaint form.

The motion to enter evidence (Doc. 9) and the motion to supply court with legible authorization for payment receipts (Doc. 10) are **DENIED**. The motion to correct and clarify (Doc. 11) and the motion of clarification (Doc. 12) are **GRANTED**. The motion for temporary restraining order and preliminary injunction (Doc. 13) is **DENIED without prejudice.**

Finally, by **November 5, 2021,** Winfrey-Bey must pay the remaining $52.00 of the $402.00 filing fee or file a motion to proceed without prepayment of the filing fee, along with a trust fund account statement for the six-month period immediately preceding the filing of this action. The Clerk is **DIRECTED** to send Winfrey-Bey a blank Motion for Leave to Proceed IFP form.

Failure to comply with this Order shall result in the dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   October 6, 2021**

 *s/ Stephen McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**