UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT WINFREY-BEY,  )  <br>    Plaintiff,               )  <br>                                     )  <br>    vs.                             )   Case No. 21-3235  <br>                                     )  <br> AMY BURLE, et. al.,     )  <br>    Defendants            )  | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [29]. The Court dismissed Plaintiff's initial 266-page complaint as a violation of Federal Rules of Civil Procedure 8, 18, and 20. *See* November 4, 2021 Case Management Order. The Court identified the specific deficiencies and allowed Plaintiff time to file an amended complaint.

Plaintiff has now complied with a proposed complaint which has been filed as a Motion for Leave to Amend. [29]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [29].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has now identified seven Defendant at Graham Correctional Center including Warden Glen Austin, Assistant Warden DeWitt, Former Assistant Warden Coke, Internal Affairs Officer Goodman, Chaplain Shreve, Correctional Officer Applegate, and Correctional Officer Benton.

Plaintiff transferred to Graham Correctional Center on September 24, 2019. Plaintiff brought a "Circle Seven Religious Medallion" which had been approved at his previous institution. (Amd. Comp, p. 5). However, Defendant Property Officer Applegate confiscated Plaintiff's medallion. Plaintiff is apparently a member of the Moorish Science Temple of America. (Comp., p. 79, 85). Graham Correctional Center Chaplain Shreve approved the denial of the religious medallion claiming it had "too many colors." (Amd. Comp., p. 5).

Plaintiff says on an unspecified day, he learned his medallion was damaged in a search for contraband. Plaintiff says the "damage effectively stopped him from receiving it." (Amd. Comp, p. 6). Plaintiff wrote letters complaining about either taking or damaging his religious mediation to Defendants Assistant Warden Coke and Warden Austin on October 15, 2019; December 15, 2020; and February 5, 2021. Plaintiff did not receive a response to his letters.

Plaintiff met with Defendant Internal Affairs Investigator Goodman in May or June of 2021 and again explained the confiscation of his religious medallion. The Defendant said he was not familiar with the medallion, but he would take a picture and send it to the head chaplain for the Illinois Department of Corrections. The Defendant also said he would talk with Assistant Warden DeWitt and if Plaintiff could confirm he

had properly purchased the medallion prior to his transfer, the Defendant did not see why Plaintiff could not have it back.

Nonetheless, Plaintiff says he was informed his replacement medallion was denied by Officer Benton. Plaintiff says the Defendants have violated his rights pursuant to the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Fourteenth Amendment.

For purposes of notice pleading, Plaintiff has alleged his rights pursuant to the First Amendment and RLUPIA were violated when he was denied his religious medallion and denied the opportunity to order a replacement medallion. Plaintiff may proceed with his claim against Defendants Applegate, Shreve, Goodman, DeWitt, and Benton. However, Plaintiff's only allegation against Defendants Warden Austin and Assistant Warden Coke is he sent letters to them and did not receive a response. There is no indication either Defendant received the letter from Plaintiff's complaint, and Plaintiff has not alleged either was directly involved in his claims. *See i.e.Conaway v. Godinez*, 2015 WL 9047569, at *4 (C.D.Ill. Dec. 16, 2015).

Plaintiff has also alleged Defendant Applegate confiscated a copy of his birth certificate which he admits is maintained in his master filed and unspecified cassette tapes and papers. (Comp, p. 5, 6). However, Plaintiff has failed to articulate a constitutional violation based on taking these items. In addition, Plaintiff has not clearly articulated a due process violation pursuant to the Fourteenth Amendment. *See i.e. Pursley v. DeTella*, 2000 WL 262626, at *2 (7th Cir. 2000)(no Fourteenth Amendment

3

violation for unauthorized taking of property if there is an adequate post-deprivation remedy.)

Plaintiff has also filed a motion for appointment of counsel. [30]. The Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt,* 503 F.3d 655.

Specifically, the Court must consider two questions. First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has provided a list of attorneys he has contacted.

Therefore, the Court must focus on the second inquiry, "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.

Court must consider all aspects of the litigation including gathering evidence and responding to motions. *Eagan v. Dempsey*, 2021 WL 456002, at *8.

Plaintiff says he has no formal legal education. In addition, Plaintiff says he suffered a concussion on an unspecified occasion, and he suffers from diabetes. Nonetheless, Plaintiff was able to clarify his allegations in his amended complaint and he already has several relevant exhibits.

Plaintiff's claim concerning his religious medallion is not complex. Plaintiff should be able to demonstrate his religious affiliation and the fact that he had previously purchased an approved medallion at his prior facility. In addition, Plaintiff is clearly capable of explaining his efforts to retrieve his medallion or order a new medallion, and the responses he received.

Once the Defendants are served, the Court will set this matter for a hearing to discuss Plaintiff's claims, potential defenses, and needed discovery. In addition, the Court will enter a Scheduling Order which will provide additional information to assist a *pro se* Plaintiff with the discovery. Based on the current record, the Court finds Plaintiff is competent to represent himself and his motion is denied. [30].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Applegate, Shreve, Goodman, Benton, and DeWitt violated his rights pursuant to the First Amendment and RLUPIA when he was denied his religious medallion and denied the opportunity to order a replacement medallion. The claims are stated against the

Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint, [29]; 2) Dismiss all Defendants except Applegate, Shreve, Goodman, and for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiff's motion for appointment of counsel, [30]; 4) Attempt service on Defendants pursuant to the standard procedures; and 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 11th day of April, 2022.

                                              s/James E. Shadid
                          _____
                                               JAMES E. SHADID
                                   UNITED STATES DISTRICT JUDGE